McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 6000 CHINA GRADE ROAD, HAPPY CAMP, CALIFORNIA, SISKIYOU COUNTY, APN: 016-290-480-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:07-cv-01712-FCD-EFB<br><br>STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND LIEN HOLDERS STEVEN G. GENERAUX AND LENORE M. GENERAUX AND ORDER THEREON |

　　　IT IS HEREBY STIPULATED by and between plaintiff United States of America and claimants Steven G. Generaux and Lenore M. Generaux (hereafter "Claimants") through their respective counsel of record, that Claimants have a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which is not contested by plaintiff.

　　　Plaintiff United States of America and Claimants further stipulate that:

　　　1.　Any violation of 21 U.S.C. § 881(a)(7) involving the defendant real property located at 6000 China Grade Road, Happy

1 Camp, California, Siskiyou County, APN: 016-290-480-000, occurred
2 without Claimants' knowledge and consent.
3     2.    Plaintiff United States agrees that upon entry of a
4 Final Judgment of Forfeiture in favor of the United States,
5 plaintiff, through the United States Marshals Service or its
6 agent(s), shall undertake to sell the defendant real property in
7 a commercially reasonable manner and to sell said property for
8 fair market value (the "Purchase Price").  The following costs
9 and expenses of sale shall be deducted from the Purchase Price
10 and paid directly out of escrow in the following order:
11     (a)    First, the costs incurred by the United States
12 Marshals Service to the date of close of escrow, including the
13 cost of posting, service, advertising, and maintenance;
14     (b)    Second, to the Siskiyou County Tax Collector for
15 all real property taxes assessed and unpaid against the defendant
16 real property prorated to the date of entry of the Final Judgment
17 of Forfeiture;
18     (c)    Third, the costs and expenses associated with the
19 sale of the defendant real property.
20     (d)    Fourth, any county transfer taxes.
21     (e)    Fifth, to Claimants as the lender on the deed of
22 trust encumbering the defendant real property, as follows:
23     (i)    all unpaid principal due to Claimants under
24 the Promissory Note dated November 7, 2005, in the original
25 principal amount of $79,500.00, a true and correct copy of which
26 is attached hereto as Exhibit "A" ("Note"), and which is secured
27 by a Deed of Trust dated November 7, 2005, recorded November 22,
28 2005, as instrument number DOC-05-0019049 of the Official Records

of Siskiyou County, California ("Deed of Trust"), a true and correct copy of which is attached hereto as Exhibit "B". As of August 22, 2007, the principal amount owed to Claimants pursuant to the Note was $14,025.40.

        (ii)  all unpaid interest due as of the date of the closing of the sale of the defendant real property at the contractual (not default) rate under the above-referenced Note and Deed of Trust until the date of payment;

        (iii) all fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.

3.  The payment to Claimants shall be in full settlement and satisfaction of any and all claims by Claimants to the defendant real property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

4.  Upon payment in full as set forth in ¶ 2(e)(i)-(iii), above, Claimants agree to reconvey their interest in the defendant real property via recordable documents and cause those to be recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Claimants and their agents which currently exist or which may arise as a result of the government's action against the real property.

5.  In the event it is determined that the proceeds from the sale of the defendant real property would be insufficient to

pay Claimants in full as set forth in ¶ 2(e)(i)-(iii), above, after the disbursements described in ¶ 2 (a)-(d) here in above are made, the plaintiff United States agrees to release its interest in the defendant real property and consent to the exercise of Claimants' state law rights to foreclose upon its deed of trust which secures the obligation to Claimants. Plaintiff shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay Claimants in full as set forth in ¶ 2(e)(i)-(iii), unless Claimants otherwise consent in writing.

6. Claimants agree not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the United States Attorney's Office or this Court.

7. Claimants agree to notify the United States Attorney at the end of the first payment cycle in which a payment in not made under the terms specified in the security instrument and promissory note. Claimants further agree to join any government motions for interlocutory or stipulated sale of the defendant real property if the proceeds of such sale will be sufficient to pay Claimants in full as set forth in ¶ 2(e)(i)-(iii), and any motions to remove occupants from the property for nonpayment of mortgage or rent, destruction of property, or other just cause.

8. Claimants understand and agree that by entering into this stipulation regarding their interest in the defendant real property, they waive any rights to further litigate against the United States concerning their interest in the defendant real

4

property and to petition for remission or mitigation of the forfeiture.  Unless otherwise provided by this Stipulation or specifically directed by order of this Court, Claimants are hereby excused and relieved from further participation in this action.

9.   Claimants understand and agree that the United States reserves the right to void the expedited settlement agreement if, before payments of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the United States shall promptly notify the mortgagee or lien holder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

10.   The parties agree to execute further documents, to the extent necessary, to convey clear title to the defendant real property to the United States and to further implement the terms of this stipulation.

///
///
///
///
///
///
///

11.  The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.

Dated: 3/03/08                McGREGOR W. SCOTT
                              United States Attorney


                               /s/ Kristin S. Door
                              KRISTIN S. DOOR
                              Assistant Unites States Attorney
                              Attorney for Plaintiff


Dated: 2/25/08

                               /s/ Larry M. Davidson
                              LARRY M. DAVIDSON
                              Attorney for Lienholders
                              Steven G. Generaux and
                              Lenore M. Generaux

                              (Original signature retained by
                                 Attorney)


ORDER

This Stipulation for Expedited Settlement is hereby APPROVED.

Dated: March 6, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE