McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CV-01712-FCD-EFB |
| | ) | |
| Plaintiff, | ) | FINAL JUDGMENT |
| | ) | OF FORFEITURE |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 6000 | ) | |
| CHINA GRADE ROAD, HAPPY CAMP, | ) | |
| CALIFORNIA, SISKIYOU COUNTY, | ) | |
| APN: 016-290-480-000, INCLUDING | ) | |
| ALL APPURTENANCES AND | ) | |
| IMPROVEMENTS THERETO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to the Stipulations for Final Judgment of

Forfeiture, the Court finds:

1.  This is a civil forfeiture action against certain real

property located at 6000 China Grade Road, Happy Camp,

California, Siskiyou County, APN: 016-290-480-000 (hereafter

"defendant real property") and more particularly described in

Exhibit A, attached hereto and incorporated herein by reference.

2.  A Verified Complaint for Forfeiture In Rem was filed on

August 21, 2007, seeking the forfeiture of the defendant real

property.  An Amended Verified Complaint for Forfeiture In Rem

1

was filed on September 20, 2007, alleging that said real property
is subject to forfeiture to the United States of America pursuant
to 21 U.S.C. § 881(a)(7), as real property used or intended to be
used, in any manner or part, to commit, or to facilitate the
commission of, a violation of 21 U.S.C. § 841 *et seq.*

3.  On October 24, 2007, the defendant real property was
posted with a copy of the amended complaint and notice of the
amended complaint.

4.  On November 7, 14, 21, and 28, 2007, a Public Notice of
Posting of the defendant real property appeared by publication in
the <u>Siskiyou Daily News</u>, a newspaper of general circulation in
the county in which the defendant real property is located
(Siskiyou County).

5.  In addition to the Public Notice of Posting having been
completed, actual notice or attempted notice was acknowledged by
the following:

        a.  Brian Burns

        b.  Kevin Burns

        c.  Steven G. Generaux (lien holder)

        d.  Lenore M. Generaux (lien holder)

6.  On October 2, 2007, Steven and Lenore Generaux filed a
claim herein, alleging they are the holders of a promissory note
in the original amount of $79,500.00, secured by a Deed of Trust
recorded against the defendant real property.  According to the
claim, as of August 22, 2007, the principal amount due and owing
under the note was approximately $14,025.40.  Interest will
continue to accrue under the note at a rate of 0.01918% per diem
from August 22, 2007.  On the same date, the Generauxs filed an

1  Answer to the Amended Complaint.

2      7.  The United States entered into a Stipulation for
3  Expedited Settlement with Steven G. Generaux and Lenore M.
4  Generaux, which was approved by the Court on March 6, 2008.

5      8.  On January 8, 2008, a Stipulation for Final Judgment of
6  Forfeiture was filed wherein potential claimant Brian Burns
7  agreed to forfeit his right, title and interest in the defendant
8  real property to the United States pursuant to 21 U.S.C. §
9  881(a)(7).

10     9.  On March 28, 2008, a Stipulation for Final Judgment of
11 Forfeiture was filed wherein potential claimant Kevin Burns
12 agreed to forfeit his right, title and interest in the defendant
13 real property to the United States pursuant to 21 U.S.C. §
14 881(a)(7).

15     10.  No other parties have filed claims or answers in this
16 matter and the time for which any person or entity may file a
17 claim and answer has expired.

18     Based on the above findings, and the files and records of
19 the Court, it is hereby

20     ORDERED AND ADJUDGED:

21     1.  That the Court adopts the Stipulations for Final
22 Judgment of Forfeiture and the Stipulation for Expedited
23 Settlement entered into by and between the parties to this
24 action.

25     2.  That judgment is hereby entered against potential
26 claimant Brian Burns, potential claimant Kevin Burns, Claimants
27 Steven G. Generaux and Lenore M. Generaux and all other potential
28 claimants.

1    3.  The U.S. Marshals Service shall list the defendant real

2  property for sale.  The U.S. Marshals Service shall have sole

3  authority to select the means of sale, including sale by internet

4  or through a licensed real estate broker, and shall have sole

5  authority over the marketing and sale of the defendant real

6  property.

7    4.  The U.S. Marshals Service shall have the defendant real

8  property appraised by a licensed appraiser of its choosing.  The

9  U.S. Marshals Service and the appraiser may have access to the

10  defendant real property and/or structures, buildings, or storage

11  sheds thereon upon 24 hours telephonic notice.

12    5.  The following costs, expenses and distributions shall be

13  deducted from the Purchase Price and paid directly out of escrow

14  in the following order:

15    (a)  First, the costs incurred by the U.S. Marshals

16  Service to the date of close of escrow, including the cost of

17  posting, service, advertising, and maintenance;

18    (b)  Second, to the Siskiyou County Tax Collector for

19  all real property taxes assessed and unpaid against the defendant

20  real property prorated to the date of entry of the Final Judgment

21  of Forfeiture;

22    (c)  Third, the costs and expenses associated with the

23  sale of the defendant real property;

24    (d)  Fourth, any county transfer taxes;

25    (e)  Fifth, to Claimants Steven G. Generaux and Lenore

26  M. Generaux as the lenders on the Deed of Trust encumbering the

27  defendant real property, as follows:

28    (i)  all unpaid principal due to Claimants under

4

1  the Promissory Note ("Note") dated November 7,
2  2005, in the original principal amount of
3  $79,500.00, and which is secured by a Deed of
4  Trust dated November 7, 2005, recorded November
5  22, 2005, as instrument number DOC-05-0019049 of
6  the Official Records of Siskiyou County,
7  California ("Deed of Trust").  As of August 22,
8  2007, the principal amount owed to Claimants
9  pursuant to the Note was $14,025.40.
10  (ii)  all unpaid interest due as of the date of
11  the closing of the sale of the defendant real
12  property at the contractual (not default) rate
13  under the above-referenced Note and Deed of Trust
14  until the date of payment;
15  (iii) all fees, costs, and advances, including but
16  not limited to attorney fees in the amount of
17  $2760.00, prepayment fees, taxes and hazard
18  insurance as provided under the terms of the Note
19  and Deed of Trust.
20  (j)   To the United States of America: the net proceeds
21  from the sale of the real property.  All right,
22  title, and interest in said funds shall be
23  substituted for the defendant real property and
24  forfeited to the United States pursuant to 21
25  U.S.C. § 881(a)(7), to be disposed of according to
26  law.
27  6.  The payment to Claimants Steven G. Generaux and Lenore
28  M. Generaux shall be in full settlement and satisfaction of any

and all claims by Claimants to the defendant real property and
all claims resulting from the incidents or circumstances giving
rise to this lawsuit.

7.   In the event it is determined that the proceeds from the
sale of the defendant real property would be insufficient to pay
Claimants in full as set forth in ¶ 5(e)(i)-(iii), above, after
the disbursements described in ¶ 5 (a)-(d) herein above are made,
the plaintiff United States agrees to release its interest in the
defendant real property and consent to the exercise of Claimants'
state law rights to foreclose upon its Deed of Trust which
secures the obligation to Claimants.  Plaintiff shall not enter
into a binding agreement to sell the defendant real property
unless the proceeds of such sale are sufficient to pay Claimants
in full as set forth in ¶ 5(e)(i)-(iii), unless Claimants
otherwise consent in writing.

8.   Plaintiff United States of America and its servants,
agents, and employees are released from any and all liability
arising out of or in any way connected with the posting,
forfeiture, or sale of the defendant real property.  This is a
full and final release applying to all unknown and unanticipated
injuries, and/or damages arising out of said posting, forfeiture,
or sale, as well as those now known or disclosed.  The Claimants
waive the provisions of California Civil Code § 1542.

9.   Pursuant to the Stipulations for Final Judgment of
Forfeiture, the Stipulation for Expedited Settlement, and the
allegations in the Complaint for Forfeiture In Rem, there was
reasonable cause for the posting of the defendant real property,
and the Court will enter a Certificate of Reasonable Cause

6

1   pursuant to 28 U.S.C. § 2465.

2       10.   All parties are to bear their own costs and attorneys'

3   fees, except as provided for herein.

4       11.   The Court shall maintain jurisdiction to enforce the

5   terms of the Final Judgment of Forfeiture.

6       SO ORDERED THIS 10th day of <u>April</u>, 2008.

10  _____
    FRANK C. DAMRELL, JR.
11  United States District Judge

13              <u>CERTIFICATE OF REASONABLE CAUSE</u>

14       Pursuant to the Stipulations for Final Judgment of

15  Forfeiture filed by potential claimants Kevin and Brian Burns,

16  the Stipulation for Expedited Settlement, and the allegations in

17  the Complaint for Forfeiture <u>In Rem</u>, the Court enters this

18  Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465,

19  that there was reasonable cause for the posting of the defendant

20  real property.

21  Dated: April 10, 2008

24  _____
    FRANK C. DAMRELL, JR.
25  UNITED STATES DISTRICT JUDGE

Exhibit "A"

Real Property located at 6000 China Grade Road, Happy Camp, California, Siskiyou County, APN: 016-290-480-000, and more fully described as:

All that real property situate in the State of California, County of Siskiyou, described as follows:

A parcel of land located in a portion of Mineral Lot 48, also known as the Pennsylvania Placer Mining Claim as described in Volume 14 of Patents, page 298, Records of Siskiyou County, California, all of said portion lying within Section 18, Township 16 North, Range 8 East, H.M., said portion being more particularly described as follows:

BEGINNING at corner #23 of said Pennsylvania Placer Mine; Thence North 39° 30' West, 918.73 feet; Thence at right angles thereto, North 50° 30' East, 540.45 feet to a point which bears South 50° 30' West, 220.0 feet from corner #28 of said Placer Mine; Thence South 39° 30' East, 743.13 feet to a point on the Southeasterly line of said Placer Mine; Thence along said Southeasterly line South 32° 30' West, 568.26 feet to the point of beginning.

EXCEPTING THEREFROM all that property lying within the boundaries of China Grade Road County Road No. 70002 as conveyed to the County of Siskiyou by the deed recorded March 30, 1979 in Book 852, Official Records, page 8.